UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br>    Plaintiff | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 02-CV-3298 |
| DEFOND MANUFACTURING, LTD.<br>OF HONG KONG<br>    Defendant | :<br>:<br>:<br>: |

**DEFENDANT, DEFOND MANUFACTURING, LTD. OF HONG KONG'S
MOTION TO DISMISS PURSUANT TO RULE 12(b), F.R.CIV.P.**

Defendant, Defond Manufacturing, Ltd. of Hong Kong (hereinafter "Defond"), hereby moves this Court to dismiss this action pursuant to Rule 12(b)(2), (3), (4) and (5).  In support of this motion, Defendant would show the following:

**I.  IMPROPER SERVICE**

Defond has not been properly served.  The following are the relevant facts establishing improper service:

  1.  The return of service establishes that service was made upon DNA Group, Inc.

  2.  DNA Group, Inc. is a North Carolina corporation with its principal place of business in Raleigh, North Carolina.

  3.  The proof of service indicates that an individual named V. Zubiate at DNA Group, Inc. was provided with a copy of the Complaint.

  4.  V. Zubiate is employed by DNA Group, Inc. as a receptionist.

:222782-1

5.  V. Zubiate is not and has never been an employee of moving Defendant, Defond Manufacturing, Ltd. of Hong Kong.

6.  There are no employees of Defond Manufacturing, Ltd. of Hong Kong at the place of business of DNA Group, Inc.

7.  DNA Group, Inc. and Defond Manufacturing, Ltd. of Hong Kong are separate legal entities.

8.  There are no officers or directors of DNA Group, Inc. who are also officers or directors of Defond Manufacturing, Ltd. of Hong Kong.

9.  There are no employees of DNA Group, Inc. who are also employees of Defond Manufacturing, Ltd. of Hong Kong.

10. Neither DNA Group, Inc. nor any of its employees are an agent for service of process on Defond Manufacturing, Ltd. of Hong Kong.

11. Moving Defendant relies upon the attached Affidavit of Michael Owens, vice president of DNA Group, Inc. (Exhibit "D") in support of the above-listed factual averments.[1]

Based upon the foregoing, it is readily apparent that Plaintiff's attempted service of process on DNA Group, Inc. cannot be considered service upon Defond Manufacturing, Ltd. of Hong Kong, a wholly separate entity located in Hong Kong. Neither V. Zubiate nor any other individual employed by DNA Group, Inc., or DNA Group, Inc. itself, is an agent for service of process on Defond. Accordingly, moving Defendant, Defond Manufacturing, Ltd. of Hong Kong, has not been properly served with process in this action, and this action should be dismissed pursuant to Rule 12(b)(4) and (5), Federal Rules of Civil Procedure.

---

[1] The original of this Affidavit is not yet available to counsel for moving Defendant. Defond will substitute the original Affidavit for the attached copy upon its receipt.

:222782-1

## II. LACK OF PERSONAL JURISDICTION

This Court cannot exercise jurisdiction over moving Defendant, Defond Manufacturing, Ltd. of Hong Kong because it is without sufficient contacts with this forum. The following facts are relevant to the determination as to whether this Court may exercise jurisdiction over Defond:

1. Defond's principal place of business is in Hong Kong.

2. Defond has never maintained any business office in Pennsylvania.

3. Defond has never had any officers, employees and/or agents stationed in Pennsylvania.

4. Defond has never sent any of its officers, employees and/or agents to Pennsylvania or elsewhere in the United States for training.

5. Defond does not own any Pennsylvania entities.

6. Defond does not own a controlling interest in any Pennsylvania entities.

7. Defond has never owned any real estate in Pennsylvania.

8. Defond does not have any bank accounts in Pennsylvania.

9. Defond has never had any of its assets in Pennsylvania.

10. Defond does not maintain a phone listing or mailing address in Pennsylvania.

11. Defond has never paid taxes in Pennsylvania.

12. Defond has never been licensed to do business in Pennsylvania.

13. Defond utilizes independent agents to sell its products in the United States.

14. None of these independent agents is located in Pennsylvania.

15. The purchase order at issue in connection with the claims against Defond was issued from Texas.

:222782-1

16. The purchase order at issue was executed in Hong Kong.

17. The purchase order at issue was negotiated with Lasko Metal Products, Inc.'s ("Lasko") Hong Kong representative, Mr. Tom Hoffman, in Hong Kong.

18. The model switch at issue was designed in Hong Kong.[2]

19. The model switch at issue was manufactured in China.

20. The model switch at issue is a general purpose switch.

21. The model switch at issue is sold to companies in many countries throughout the world.

22. The model switch at issue which was allegedly purchased by Lasko was shipped from Hong Kong to Texas.

23. The personal injury lawsuit which was filed against Lasko, which is the basis of the instant claim by Lasko/Federal Insurance Company, was filed against Lasko in Texas State District Court in Starr County, Texas.

24. Lasko manufactured a fan in its Ft. Worth, Texas facility that was in the room where the fire originated, which resulted in the death of three individuals.

Due to substantial logistical problems in obtaining evidence from our client which is located thousands of miles away, counsel for moving Defendant does not have an Affidavit or sworn evidence at present to substantiate the factual assertions set forth above. Counsel will file sworn evidence substantiating each assertion set forth above as soon as possible, but in no event later than 14 days from the date of this filing.

---

[2] It is disputed whether a Defond-manufactured switch was actually incorporated into the fan involved in the underlying incident since the switch was apparently destroyed in the fire.

:222782-1

### III. IMPROPER VENUE

This action should also be dismissed because the United States District Court for the Eastern District of Pennsylvania is an improper venue for litigating the claims at issue. As noted above, all of the events that led to the instant dispute arose in Texas or Hong Kong. No event occurred in Pennsylvania. In further support of its position that venue is improper in Pennsylvania, moving Defendant states as follows:

1. Realizing that there was a disagreement between Defond and Lasko which would not be resolved without judicial assistance, Defond filed a declaratory judgment action in the United States District Court for the Northern District of Texas, Ft. Worth Division on May 15, 2002. (Exhibit "A").

2. That action is currently pending and Federal, the Plaintiff herein, has sought leave to join that action by substituting itself for Lasko.

3. Although moving Defendant, Defond, considers substitution in that action as improper, Defond has informed the Court that it does not oppose Federal joining the Texas action as Lasko's subrogor. (Exhibits "B" and "C").

4. Federal instituted the instant action in the United States District Court for the Eastern District of Pennsylvania on May 29, 2002, after Defond had already filed the pending Northern District of Texas action.

5. Defond will be filing a motion to transfer the within action to the United States District Court for the Northern District of Texas which this Court can address in the event that the instant motion is denied.

:222782-1

6. It is anticipated that Plaintiff, Federal Insurance Company, will assert that venue is proper in this forum because of a purchase order which contains a clause requiring that arbitration between Defond and Lasko occur in Philadelphia, Pennsylvania.

7. This clause in the purchase order does not render venue proper in the United States District Court for the Eastern District of Pennsylvania for two reasons.  First, that clause is contained in an alleged contract between Defond and Lasko, not Federal.  Second, Defond asserts that Lasko has waived any right it may have had to invoke the arbitration clause by proceeding to prosecute its claims in several courts of law in Texas, while never asserting any such arbitration right.

8. Issues concerning the validity and enforceability of the arbitration clause, along with other disputes between Defond and Lasko have been raised and are awaiting a ruling by the Court in the action currently pending in the Northern District of Texas, Ft. Worth Division. (Exhibit "A").

WHEREFORE, Defendant, Defond Manufacturing, Ltd. of Hong Kong respectfully requests that this action against it be dismissed in its entirety and that the Court grant such other relief, both legal and equitable, to which it is entitled.

Respectfully submitted,

GERMAN, GALLAGHER & MURTAGH

Of Counsel:  
  J. Michael Ezzell  
  Ball & Weed, P.C.  
  745 East Mulberry   Suite 500  
  San Antonio, TX  
  (210)731-6300  
  (210-731-6499 – Fax No.

BY:_____  
  Philip A. Ryan, Esquire  #22537  
  200 S. Broad Street, 5th Floor  
  Philadelphia, PA  19102  
  (215) 545-7700  
  (215) 732-4182 – Fax No.

  Attorney for Defendant  
  Defond Manufacturing, Ltd. of  
  Hong Kong

:222782-1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY,** : | |
| Plaintiff : | |
| : | |
| v. : | CIVIL ACTION NO. 02-CV-3298 |
| : | |
| **DEFOND MANUFACTURING, LTD.** : | |
| **OF HONG KONG** : | |
| Defendant : | |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of DEFENDANT, DEFOND MANUFACTURING, LTD. OF HONG KONG'S MOTION TO DISMISS PURSUANT TO RULE 12(b), F.R.CIV.P. was forwarded by Certified Mail, Return Receipt Requested on the 18th day of July, 2002 to:

Basil DiSipio, Esq.
Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
Penn Mutual Tower     10th Floor
510 Walnut Street
Philadelphia, PA  19106

Mr. Steven Fisher
Mr. Kevin Phillips
Daar, Fisher, Kanaris & Vanek, P.C.
200 South Wacker Drive   33rd Floor
Chicago, IL  60606

_____
Philip A. Ryan

:222782-1

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY,** : | |
| **Plaintiff** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 02-CV-3298** |
| : | |
| **DEFOND MANUFACTURING, LTD.** : | |
| **OF HONG KONG** : | |
| **Defendant** : | |

## ORDER

AND NOW this          day of              , 2002, upon consideration of the Motion of defendant, Defond Manufacturing, Ltd. of Hong Kong, to dismiss pursuant to Rule 12(b), F.R. Civ. P. and any responses thereto, is hereby ORDERED and DECREED that said Motion is granted.

BY THE COURT:

_____
J.

:222782-1