UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br>    Plaintiff,<br><br>    v.<br><br>DEFOND MANUFACTURING, LTD.<br>OF HONG KONG,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 02-CV-3298<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT DEFOND MANUFACTURING, LTD.'S
<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Defond Manufacturing, Ltd. of Hong Kong, (hereinafter "Defond"), and files this memorandum of law in support of its Motion To Dismiss, filed pursuant to Federal Rule of Civil Procedure 12b.

**I.**

**PROCEDURAL BACKGROUND**

Having previously chosen a Texas court as the forum of choice for asserting its indemnity and contribution claims against Defond, real party in interest Lasko Metal Products, Inc. ("Lasko"), through its subrogor, Federal Insurance Company ("Federal") now seeks to reassert its claims in this forum, despite the fact that an action involving the same issues is currently pending in the United States District Court for the Northern District of Texas, Fort Worth Division. In addition to the reason that the claims at issue are already pending in another court, this action should be dismissed pursuant to Federal Rule of Civil Procedure 12b because: (1) Defond has not been properly served with process; (2) this Court cannot properly exercise jurisdiction over Defond; and (3) venue

is improper in this forum because this forum, unlike the Fort Worth Division of the Northern District of Texas, does not have any substantial relation to the underlying dispute.

In 1998, a personal injury lawsuit was filed against Lasko as a result of a house fire that killed three people. That action was filed in Texas State District Court in Starr County, Texas. Lasko manufactured a fan that was in the room where the fire occurred. Defond manufactured a switch that was allegedly shipped to Lasko's Fort Worth facility and allegedly incorporated into the fan at issue. Eventually, Lasko sought leave to join Defond as a contribution/indemnity defendant in the personal injury action. The trial court denied leave to join Defond because Lasko had waited too long to seek joinder.

Lasko then filed a separate contribution/indemnity action against Defond in the same Texas State Court. The action was removed to the United States District Court for the Southern District of Texas, McAllen Division. Lasko continued prosecuting its contribution and indemnity claims against Defond in that forum, twice amending its pleadings. Lasko dismissed that action in the Fall of 2000.

Defond and Lasko had intermittent contacts regarding the indemnity/contribution claims between the Fall of 2000 and the Spring of 2002. Realizing that their disagreement was not going to be resolved without judicial assistance, Defond filed a declaratory judgment action seeking a determination of the respective indemnity/contribution rights and obligations between the two parties in the United States District Court for the Northern District of Texas, Fort Worth Division, on May 15, 2002. That action remains pending in that court and the current plaintiff, Federal, is seeking to join the action by substituting itself for Lasko. Although Defond considers substitution

improper, Defond has informed that court that it does not oppose Federal joining the action as Lasko's subrogor.

Federal initiated the current action on May 29, 2002, despite the pending action in the Fort Worth Division of the Northern District of Texas.

## II.

## GROUNDS FOR DISMISSAL

**A. Rule 12b(2), (4) and (5) – Lack of personal jurisdiction because (1) Defond has not been properly served; and (2) Defond does not have sufficient contacts with Pennsylvania.**

This action should be dismissed because this Court cannot properly exercise personal jurisdiction over Defond for two reasons. First, Defond has never been properly served with process. Second, even if Federal had properly served Defond, this Court still could not properly exercise jurisdiction over Defond because Defond does not have sufficient contacts with Pennsylvania.

### 1. Improper service.[1]

Defond has not been properly served. The service return establishes that service was made upon DNA Group, Inc., a North Carolina corporation. The Proof of Service indicates that V. Zubiate was the individual at DNA Group, Inc. who was provided with a copy of the Complaint. V. Zubiate, is not an "Office Manager" of either DNA Group, Inc. or Defond Manufacturing, Ltd. of Hong Kong as indicated on the Proof of Service. She is employed by DNA Group, Inc. as a receptionist, and is not an employee of Defond Manufacturing, Ltd. of Hong Kong. Moreover, she has never been an employee of

---

[1] All of the facts asserted in this section of this memorandum of law have been established by the sworn testimony of Michael Owens, vice president of DNA Group, Inc., which is attached to the accompanying motion to dismiss.

3

Defond Manufacturing, Ltd. of Hong Kong. In fact, there are no employees of Defond Manufacturing, Ltd. of Hong Kong at the place of business of DNA Group, Inc. in Raleigh, North Carolina.

DNA Group, Inc. and Defond Manufacturing, Ltd. of Hong Kong are not the same company. DNA Group, Inc. is incorporated in the State of North Carolina, and its principal place of business is in Raleigh, North Carolina. There are no officers or directors of DNA Group, Inc. who are also directors or officers of Defond Manufacturing, Ltd. of Hong Kong. There are no employees of DNA Group, Inc. who are also employees of Defond Manufacturing, Ltd. of Hong Kong. Neither DNA Group, Inc. nor any of its employees is an agent for service of process on Defond Manufacturing, Ltd. of Hong Kong.

In sum, Federal's service of process on DNA Group, Inc. cannot be considered service upon Defond, a wholly separate entity located in Hong Kong. Neither V. Zubiate, nor any other individual employed by DNA Group, Inc., or DNA Group, Inc. itself, is an agent for service of process on Defond. As a result, Defond has not been properly served with process in this action and this action should be dismissed.

    **2.**    **No minimum contacts.**

Even if Defond had been properly served with process, this action should still be dismissed because this Court cannot properly exercise jurisdiction over Defond, a Hong Kong entity lacking sufficient contacts with this forum. The standards for exercising personal jurisdiction over a foreign defendant are well established and do not require substantial repeating. Essentially, determining whether this Court in Pennsylvania can exercise personal jurisdiction over Defond boils down to one constitutional question:

whether requiring Defond to litigate in Pennsylvania would violate the federal constitutional requirements of due process.  The key to the due process question is whether Defond has purposefully established certain minimum contacts with Pennsylvania such that the maintenance of a lawsuit does not offend traditional notions of fair play and substantial justice.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-76 (1985).

The essential goal of the "minimum contacts" test is to protect the nonresident defendant.  As such, for jurisdiction to attach, the nonresident defendant must have "purposefully availed" itself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of the forum state's laws.  See Burger King, 471 U.S. at 475.  The focus centers on the defendant's intentional activities and expectations in the forum state.

"Minimum contacts" is divided into two types of personal jurisdiction:  general and specific.  General jurisdiction arises if the nonresident defendant maintains continuous and systematic contacts with the forum state.  Specific jurisdiction, on the other hand, requires that the plaintiff's cause of action "arise out of" or "relate to" the nonresident defendant's contacts with the forum state.  See Helicopteros Nacionales de Columbia v. Hall, 466 U.S. 408, 414 (1984).  To defeat personal jurisdiction, the burden rests on the nonresident defendant to negate general and/or specific jurisdiction, depending on the plaintiff's jurisdictional allegations.

In this case, Federal has vaguely alleged general jurisdiction, based on Defond's "selling and distributing electrical products throughout the United States".  There is no mention of the sale or distribution of any products in Pennsylvania.  Thus, specific

jurisdiction should not be an issue and the Court's focus should be on general jurisdiction.

As noted above, for general jurisdiction to exist, Defond's contacts with Pennsylvania must be both "continuous and systematic" and "substantial." Mere association with Pennsylvania or tenuous contacts with the State are insufficient. Reviewing the jurisdictional facts set forth in Defond's motion to dismiss, Defond clearly does not have "continuous and systematic" contacts with the State of Pennsylvania nor are these contacts "substantial." In fact, to the best of its knowledge, Defond has no contacts with Pennsylvania whatsoever.

Defond's principal place of business is in Hong Kong. It has never maintained a principal place of business in Pennsylvania. In fact, it has never maintained any business office in Pennsylvania, nor had any officers, employees, and/or agents stationed in Pennsylvania. Defond has never sent any of its officers, employees, and/or agents to Pennsylvania or elsewhere in the U.S. for training. Thus, Defond has no presence in this forum by virtue of its employees, officers or agents.

Similarly, Defond has no property interests in this forum. Defond does not own any Pennsylvania entities. It does not own a controlling interest in any Pennsylvania entities. It does not own and never has owned any real estate in Pennsylvania. It does not have any bank accounts in Pennsylvania. In fact, Defond has never had any assets in Pennsylvania or elsewhere in the U.S. Defond does not maintain a phone listing or mailing address in Pennsylvania. Defond has never paid any taxes in Pennsylvania.

Defond does not conduct business activities in Pennsylvania. It has never been licensed to do business in Pennsylvania. Although Defond utilizes independent agents to sell its products in the United States, none of those agents is located in Pennsylvania.

Clearly, Defond does not maintain a systematic and on-going presence in Pennsylvania, as required for exercising general jurisdiction over it. It has not purposely availed itself of the privilege of doing business in Pennsylvania. Exercising jurisdiction over Defond, by virtue of general jurisdiction principles, would violate Defond's due process rights.

As noted above, Federal does not appear to have alleged that specific jurisdiction applies. Nevertheless, out of an abundance of caution, Defond addresses specific jurisdiction as well. Specific jurisdiction simply requires that the non-resident defendant have "purposefully directed" his activities at the residents of Pennsylvania, and the litigation at issue results from alleged injuries that "arise from or relate to" those activities. See Burger King, 471 U.S. at 474.

Here, the purchase order involving the switches allegedly involved in the underlying incident was issued from Texas and executed in Hong Kong. The purchase orders were negotiated with Lasko's Hong Kong representative, Mr. Tom Hoffman, in Hong Kong.

The switch allegedly involved in the underlying incident was designed in Hong Kong and manufactured in China. It is a general purpose switch, and is sold to companies in many countries throughout the world. The switches allegedly involved in the underlying incident were shipped from Hong Kong to Texas. Thus, it is clear that

specific jurisdiction is not present because the activities from which the current dispute arises, as alleged by Lasko and (presumably) Federal, did not occur in Pennsylvania.

This action must be dismissed because this Court cannot properly exercise jurisdiction over Defond. Defond has not been properly served. Moreover, even if it had been, Defond does not have sufficient contacts with Pennsylvania to enable this Court to properly assert personal jurisdiction over Defond.

**B.  Rule 12b(3) -  Improper Venue.**

This action should also be dismissed because the Eastern District of Pennsylvania is an improper venue for asserting the claims at issue. The claims made the basis of the underlying dispute are not substantially connected to this forum. As noted above, all of the events that led to the current dispute arose in Texas or Hong Kong. No event occurred in Pennsylvania. A Texas action is already pending. That is the proper venue, presumably as recognized by Lasko when it twice initiated proceedings involving these very claims in Texas courts.

Defond anticipates that Federal will assert that venue is proper in this forum because the purchase order at issue contains an arbitration clause requiring that any arbitration between Defond and Lasko occur in Philadelphia, Pennsylvania. The forum selection part of the arbitration clause does not render venue proper here for two reasons. First, that clause is contained in an alleged contract between Defond and Lasko, not Federal. Second, Defond asserts that Lasko has waived any right it might have had to invoke the arbitration clause by proceeding to prosecute its claims in several courts of law while never asserting any such right. That issue has been fully raised and awaits a

ruling by the court in the action currently pending the Northern District of Texas, Fort Worth Division.

### III.

### CONCLUSION

This action should be dismissed. This Court cannot properly exercise jurisdiction over Defond because Defond has not been properly served and, even if proper service had occurred, Defond does not have sufficient contacts with Pennsylvania. Pennsylvania is not a proper venue for resolving this dispute. It has no substantial connection to the underlying dispute between a Hong Kong company and a manufacturer located in Texas that arises from events occurring in Texas and Hong Kong.

Dismissal will not deny Federal its day in court. In fact, Federal has already taken steps to secure its day in court by seeking leave to join the action currently pending in the United States District Court for the Northern District of Texas, Fort Worth Division, and involving the same issues raised here. Moreover, that proceeding (unlike this one), already includes Lasko, the party to the alleged contract with Defond and the party holding the alleged indemnity/contribution rights, and thus includes all of the parties necessary for a complete resolution of the claims at issue.

WHEREFORE, PREMISES CONSIDERED, Defond Manufacturing, Ltd. of Hong Kong respectfully requests that Federal Insurance Company's action against it be

dismissed in its entirety, and such other relief, both legal and equitable, to which it is entitled.

                Respectfully submitted,

                GERMAN GALLAGHER & MURTAGH

                BY: _____
                      Philip A. Ryan    #22537

                GERMAN, GALLAGHER & MURTAGH
                200 South Broad Street, Suite 500
                Philadelphia, Pennsylvania 19102
                (215) 545-7700
                (215) 732-4182 Facsimile

Of Counsel:            J. MICHAEL EZZELL
                (210) 731-6305 Direct
                (210) 785-2905 Direct Facsimile

                BALL & WEED, P.C.
                745 E. Mulberry, Suite 500
                San Antonio, Texas 78212
                (210) 731-6300
                (210) 731-6499 Facsimile

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Civil Action No. 02-CV-3298 |
| DEFOND MANUFACTURING, LTD. | : |
| OF HONG KONG, | : |
| | : |
| Defendant. | : |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of DEFENDANT DEFOND MANUFACTURING, LTD.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS was forwarded by Certified Mail, Return Receipt Requested on the 18th day of July, 2002 to:

Mr. Basil A. DiSipio
Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
510 Walnut Street
10th Floor
Philadelphia, Pennsylvania 19106

Mr. Steven B. Fisher
Mr. Kevin M. Phillips
Daar, Fisher, Kanaris & Vanek, P.C.
200 South Wacker Drive, 33rd Floor
Chicago, Illinois 60606

_____
Philip A. Ryan